## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JASON GUTTERMAN and
BENJAMIN GUTTERMAN,

        Plaintiff,

      v.                      Case No: 5:25-CV-230

CITY OF LYNN HAVEN;
JOHN SUMERALL; JOSH NEWSOM;
TOMMY FORD, in his Official Capacity as
SHERIFF of the BAY COUNTY SHERIFF'S OFFICE;
MICHAEL RUTHVEN, and AUSTIN CROSBY
DERRICK SWANN; RALPH GRAINGER,
UNKNOWN CAPTAIN.

           Defendants.              JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiffs JASON GUTTERMAN and BENJAMIN GUTTERMAN by their undersigned attorneys, bring this action under 42 U.S.C. §1983 and the laws of Florida against Defendants CITY OF LYNN HAVEN; JOHN SUMERALL; JOSH NEWSOM; TOMMY FORD, in his Official Capacity as SHERIFF of the BAY COUNTY SHERIFF'S OFFICE; DERRICK SWANN; RALPH GRAINGER; MICHAEL RUTHVEN; AUSTIN CROSBY; and UNKNOWN CAPTAIN, and state as follows in support:

## JURISDICTION AND VENUE

1.    JASON   GUTTERMAN   and   BENJAMIN   GUTTERMAN's
claims are brought under 42 U.S.C. § 1983, which authorizes actions
to   redress   the   deprivation,   under   color   of   state   law,   of   rights,
privileges, and immunities secured to them by the Constitution and
laws of the United States, under 42 U.S.C. §1988, which authorizes
the award of costs and attorneys' fees to prevailing Plaintiffs in actions
brought under 42 U.S.C. §1983.

2.    This Court has jurisdiction under 28 U.S.C. §1331 (federal
question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction),
and 28 U.S.C. § 1367 (supplemental jurisdiction).

3.    Venue is proper under 28 U.S.C. § 1391(b). The acts and
omissions giving rise to this complaint occurred in the State of Florida,
and the events giving rise to the claims asserted herein occurred in
the Northern District of Florida.

4.    All conditions   precedent   have   occurred   or   have   been
performed   prior   to   bringing   suit,   including   but   not   limited   to,
compliance with Fla. Stat. § 768.28.

## PARTIES

5.    Plaintiff JASON GUTTERMAN is a citizen of the United

2

States and a resident of South Dakota who, at all times material hereto, was traveling through Bay County, Florida, within the Northern District of Florida.

6.    Plaintiff BENJAMIN GUTTERMAN was a minor at the time of the events that led to this action.  He has now reached the age of majority.  He is a citizen of the United States and a resident of South Dakota who, at all times material hereto, was traveling through Bay County, Florida, within the Northern District of Florida.

7.    Defendant, CITY OF LYNN HAVEN, is, and was at all times material hereto, a municipality created under the Laws of the State of Florida located in Bay County, Florida within the Northern District of Florida.  The Lynn Haven Police Department is a department of the CITY OF LYNN HAVEN.

8.    Defendants JOHN SUMERALL and JOSH NEWSOM are present or former sworn law enforcement officers employed by Defendant CITY OF LYNN HAVEN.

9.    Defendant SHERIFF TOMMY FORD, at all times material hereto, was Sheriff of Bay County, a county organized and existing under the laws of the State of Florida.  Sheriff FORD is sued in his official capacity as Sheriff of the Bay County Sheriff's Office, and is

3

also sued individually.

10. Defendants RALPH GRAINGER, DERRICK SWANN, MICHAEL RUTHVEN, and AUSTIN CROSBY are present or former sworn law enforcement officers employed by the Bay County Sheriff's Office.

11. Defendant UNKNOWN CAPTAIN is a present or former sworn law enforcement officer employed by the Bay County Sheriff's Office as a supervisor of RALPH GRAINGER during this arrest.

12. All of the foregoing officers employed by the City of Lynn Haven, Florida, at the times material to the complaint are sued in their individual capacities, and all acted under color of law but outside the course and scope of their employment.

13. All of the foregoing officers employed by the Bay County Sheriff's Office at all times material to the complaint are sued in their individual capacities, unless noted otherwise as when FORD is named in his official capacity as SHERIFF, and all acted under color of law but outside the course and scope of their employment.

14. The CITY OF LYNN HAVEN is sued for maintaining a policy, custom, or practice that allowed city police officers to violate JASON GUTTERMAN and BENJAMIN GUTTERMAN's civil rights.

4

15.    Defendant SHERIFF TOMMY FORD is sued in his official capacity as Sheriff of the Bay County Sheriff's Office for maintaining a policy, custom, or practice that allowed city police officers to violate JASON GUTTERMAN and BENJAMIN GUTTERMAN's civil rights.

## **COMMON ALLEGATIONS**

16.    On or about November 9, 2021, JASON GUTTERMAN and BENJAMIN GUTTERMAN were standing on a public sidewalk recording a UPS facility located in Panama City, Florida, as part of their work as photojournalists.

17.    Plaintiffs are photojournalists who maintain popular YOUTUBE channels with hundreds of thousands of subscribers and were standing on the sidewalk with large professional camera equipment.

18.    Plaintiffs were standing on the sidewalk in front of the UPS store located at UPS Customer Center on 3205 Minnesota Avenue, Lynn Haven Florida.

19.    Deputy DERRICK SWANN approached Plaintiffs and inquired as to what they were doing.

20.    Plaintiffs were under no obligation to engage with SWANN in this encounter.

5

21.    Nevertheless, SWANN activated his emergency lights and immediately called for backup.

22.    Plaintiffs inquired if there was a problem taking photos on the sidewalk and received no response from SWANN.

23.    Soon thereafter, Deputy Sergeant RALPH GRAINGER responded on the scene as backup for SWANN.

24.    JASON GUTTERMAN told GRAINGER that he was working on a video of UPS for his work as a photojournalist.    GRAINGER responded saying, "That's all you had to tell them, man," referring to SWANN.

25.    JASON GUTTERMAN and BENJAMIN GUTTERMAN were never filming at or around A. Crawford Mosley High School, in Lynn Haven, which was further down the street from the UPS store location in Panama City where Plaintiffs were filming, and they informed GRAINGER of this fact.

26.    GRAINGER asked JASON GUTTERMAN to provide identification.

27.    JASON GUTTERMAN asked if he was being detained, and GRAINGER stated that JASON GUTTERMAN was not being detained.

28.    At this time, City of Lynn Haven Police Officer JOSH

NEWSOM arrived on the scene.

29.    Out of earshot of Plaintiffs, but captured on body camera footage, GRAINGER told NEWSOM that he was going to arrest both Plaintiffs, but Plaintiffs were not informed of that yet.

30.    GRAINGER then asked SWANN whether Plaintiffs were filming over at the school, A. Crawford Mosley High School, and SWANN told GRAINGER that Plaintiffs had not been filming over at the school but were filming at the UPS facility.

31.    GRAINGER then asked JASON GUTTERMAN for his press credentials.

32.    JASON GUTTERMAN told GRAINGER that since he was not being detained and was not violating any laws, he was under no obligation to provide identification.

33.    GRAINGER still did not inform JASON GUTTERMAN that he was being detained.

34.    JASON GUTTERMAN informed GRAINGER that he did not have press credentials to show him because government-issued press credentials did not exist.

35.    GRAINGER then asked JASON GUTTERMAN if this was the "mountain he wanted to die on."

7

36.    JASON GUTTERMAN then told GRAINGER that, under the threat of arrest, he would provide identification.

37.    GRAINGER then arrested Plaintiff JASON GUTTERMAN for an alleged violation of Florida Statute 810.0975(2)(b), absent probable cause that he was in violation of any law.

38.    Florida Statute 810.0975(2)(b) prohibits trespass within a school safety zone during the period from one hour prior to the start of a school session until one hour after the conclusion of a school session, absent a "legitimate business purpose" or any other authorization, license, or invitation to enter or remain in the school safety zone.

39.    Under the above statute, a school safety zone is defined as being "within 500 feet" of any real property owned by or leased to a public school.

40.    At the time of their arrest, the Plaintiffs were in front of the UPS facility located at the UPS Customer Center on 3205 Minnesota Avenue.

41.    In 2008, a federal judge in the Southern District of Florida declared subsections 2(a) and 2(b) of section 810.0975, Florida Statutes, as "unconstitutionally vague" and "permanently enjoined"

8

the State of Florida and its officers from enforcing these subsections. *Gray v. Kohl*, 568 F. Supp. 2d 1378, 1396 (S.D. Fla. 2008).

42.    Nevertheless, GRAINGER arrested Plaintiff JASON GUTTERMAN for an alleged violation of Florida Statute 810.0975(2)(b), one of the same subsections that was declared unconstitutionally vague in *Gray*.

43.    NEWSOM assisted in the unlawful arrest of JASON GUTTERMAN by grabbing JASON GUTTERMAN by his hands.

44.    GRAINGER did not give JASON GUTTERMAN a chance to provide identification after it was clear he was being detained.

45.    BENJAMIN GUTTERMAN, a minor, was also arrested and placed into handcuffs by deputies, without the existence of probable cause that any crime had been committed.

46.    BENJAMIN GUTTERMAN was searched, and his property was seized, all without probable cause for his arrest.

47.    JASON GUTTERMAN was placed in NEWSOM's patrol car.

48.    It was apparent that NEWSOM was taking the lead on the arrest process and proceeded with the unlawful arrest.

49.    At this time, City of Lynn Haven Police Sergeant JOHN SUMERALL arrived on scene.

50.    SUMERALL was present when JASON GUTTERMAN again identified himself as a photojournalist and recounted his legitimate purpose for being outside of the UPS facility.

51.    SUMERALL then turned off his body camera before engaging in a private conversation with NEWSOM.

52.    After the private conversation, the Bay County Sheriff's Office resumed lead on the arrest.

53.    At this point, SUMERALL, GRAINGER, and another unknown deputy had a conversation where SUMERALL expressed concern about the legitimacy of the arrest, but SUMERALL told GRAINGER that if had an order from his captain to arrest him, then to proceed with the arrest.

54.    GRAINGER acknowledged he had an order from his Captain to arrest Plaintiffs.

55.    SUMERALL admitted that he would not arrest Plaintiffs without evidence they were doing anything nefarious, which there was none, because they were simply filming at the UPS facility and not at any school.

56.    However, SUMERALL stated he was not going to have that conversation with GRAINGER's superior, his Captain.

57.    GRAINGER advised SUMERALL that he was in a "damned if he does" and "damned if he doesn't" situation, because he would either make his Captain angry or do something that would get the Sheriff's Office sued.

58.    However, despite recognizing the illegality of his conduct and that there was no probable cause to arrest, GRAINGER nevertheless arrested JASON GUTTERMAN for violation of Florida Statute, 810.0975(2)(b).

59.    JASON GUTTERMAN was booked into the Bay County Jail, searched, stripped, and left in a jail cell for hours until a bond was set.

60.    After JASON GUTTERMAN posted bond, he was forced to retain counsel to defend him on the erroneous criminal charge.

61.    BENJAMIN GUTTERMAN was released to his mother on scene; however, Sheriff's Deputies warned him they could still issue a summons for him later.

62.    On November 21, 2021, the Office of the State Attorney entered a no information against JASON GUTTERMAN, dropping all charges against him.

63.    The Assistant State Attorney assigned to the case cited the

11

fact that the statute that was used to arrest Plaintiff JASON GUTTERMAN was found unconstitutional, based on a federal judge in the Southern District of Florida permanently enjoining the State of Florida from enforcing the statute under which JASON GUTTERMAN was arrested, 810.0975(2)(b). *Gray*, 568 F. Supp. 2d at 1396.

64. Additionally, there was no probable cause that Plaintiff's were in violation of the statute, even if it were constitutional since they were clearly there for a legitimate purposes, engaging in protected First Amendment activity on a public sidewalk.

65. Defendants MICHAEL RUTHVEN, and AUSTIN CROSBY assisted in the detention and arrests of Plaintiffs knowing that the arrests and detentions were unlawful and they also failed to intervene to protect the constitutional rights of Plaintiffs.

66. All prosecution against JASON GUTTERMAN and BENJAMIN GUTTERMAN has ended without any convictions.

## COUNT I - 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION
## FIRST AMENDMENT
**(AGAINST DEFENDANTS RALPH GRAINGER, DERRICK SWANN, JOHN SUMERALL, and JOSH NEWSOM)**

67. JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 8, 10, 12, 13, and 16-66.

12

68.    Plaintiffs are entitled to relief against RALPH GRAINGER, DERRICK SWANN, JOHN SUMERALL, MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM for their actions to chill the exercise of free speech protected by the First Amendment to the United States Constitution.

69.    Plaintiffs were wrongfully arrested on a public sidewalk while exercising their protected speech and First Amendment rights.

70.    Even in the absence of adverse acts of retaliation as enumerated in the Count below, Plaintiffs are entitled to damages for their violation of protected rights.

71.    As a direct and foreseeable result of acts of the Defendants, Plaintiff Jason Gutterman was:

a. arrested and taken to the Bay County Jail;

b. forced to remain in jail for an extended period of time, suffering the indignities of the booking process;

c. forced to hire a criminal defense lawyer;

d. live in fear of the Sheriff continuing an unconstitutional prosecution;

e. suffered agonizing mental distress at the prospect of going to jail.

13

f. Suffered damage to reputation now being alleged to be a criminal by the Sheriff.

72.    As a direct result of the acts described above, Plaintiff JASON GUTTERMAN suffered pecuniary loss, physical injury, pain, shock, humiliation, emotional distress, loss of liberty, loss of self-esteem, disgrace, was denied and continues to be denied the full enjoyment of life and will continue to suffer such damages in the future.

73.    As a direct and foreseeable result of acts of the Defendants, Plaintiff Benjamin Gutterman was:

a. arrested and detained in a law enforcement vehicle for a period of time;

b. forced to live in fear of the Sheriff commencing an unconstitutional prosecution;

c. suffering agonizing mental distress at the prospect of going to jail;

d. suffered damage to reputation now being alleged to be a criminal by the Sheriff.

74.    As a result of the acts described above, Plaintiff Benjamin Gutterman suffered pecuniary loss, physical injury, pain, shock,

14

humiliation, emotional distress, loss of liberty, loss of self-esteem, disgrace, was denied and continues to be denied the full enjoyment of life and will continue to suffer such damages in the future.

WHEREFORE, Plaintiffs seek damages as noted below.

## COUNT II - 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION
## FIRST AMENDMENT RETALIATION
**(AGAINST DEFENDANTS RALPH GRAINGER, DERRICK SWANN, JOHN SUMERALL, MICHAEL RUTHVEN, AUSTIN CROSBY, and JOSH NEWSOM)**

75.   JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 8, 10, 12, 13, and 16-66.

76.   Plaintiffs are entitled to relief against RALPH GRAINGER, DERRICK SWANN, JOHN SUMERALL, MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM for taking adverse actions that would chill a person of ordinary firmness from continuing in the exercise of protected rights under the First Amendment.

77.   The above-named Defendants acted to intimidate, harass, and ultimately arrest Plaintiffs as they sought to exercise their First Amendment rights by recording the premises of the UPS facility for their jobs as photojournalists.

78.   The above-named Defendants arrested or assisted in the

15

arrest of Plaintiffs without probable cause to do so and with impermissible retaliatory animus against Plaintiffs' protected speech.

79.    Defendants knew that Plaintiffs were "First Amendment Auditors" and their dislike of the exercise of that protected First Amendment activity was a basis for the retaliatory animus.

80.    Not only did Defendants arrest Plaintiffs based on their retaliatory animus, but Plaintiffs were also arrested for their alleged violation of Florida Statute 810.0975(2)(b) when similarly situated individuals who were within 500 feet of the school premises without a legitimate purpose were not arrested.  Indeed, numerous other individuals were near the school at the time in question (around one hour after the conclusion of a school session), and thus violating the statute 810.0975(2)(b). Moreover, none of them were engaged in protected activity like the Plaintiffs.

81.    Due to the above Defendants' violation of rights to protected speech, Plaintiffs Jason and Benjamin Gutterman suffered pecuniary loss, physical injury, pain, shock, humiliation, emotional distress, loss of liberty, loss of self-esteem, disgrace, was denied and continues to be denied the full enjoyment of life and will continue to suffer such damages in the future.

16

82.    As Plaintiffs are forced to retain counsel to vindicate their rights, they are entitled to the costs of litigation and, under 42 U.S.C. § 1988, reasonable attorneys' fees.

83.    The conduct of Defendants RALPH GRAINGER, DERRICK SWANN, JOHN SUMERALL, MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM was malicious, oppressive, and/or done with reckless disregard for Plaintiffs' federally protected rights.  Therefore, an award of punitive damages is appropriate to the fullest extent permitted by law.

WHEREFORE, Plaintiffs seek damages as further noted below.

**COUNT III - 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION**
**(FOURTH AMENDMENT – FALSE ARREST)**
**(AGAINST DEFENDANTS RALPH GRAINGER, MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM)**

84.    JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 8, 10, 12, 13, and 16-66.

85.    Defendants RALPH GRAINGER, MICHAEL RUTHVEN, and AUSTIN CROSBY, and JOSH NEWSOM deprived Plaintiffs of rights secured by the Constitution and the laws of the United States, the State Constitution, and state laws when they falsely imprisoned

JASON GUTTERMAN and BENJAMIN GUTTERMAN, unlawfully detaining them against their will, without legal authority or color of authority and deprived them of their liberty, physically restraining them after removing them from a public sidewalk where they had a legal right to be.

86.     Plaintiffs explained to the above-named law enforcement officers that their video recording of a UPS facility was a protected exercise of free speech and that they had a right to remain on a public sidewalk.

87.     Nevertheless, acting without probable cause or even arguable probable cause, RALPH GRAINGER MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM arrested, detained, and/or assisted in the arrest of JASON GUTTERMAN and BENJAMIN GUTTERMAN for violating a school safety zone, a crime JASON GUTTERMAN and BENJAMIN GUTTERMAN did not commit and a crime that was no longer constitutionally enforceable in Florida.

88.     JASON GUTTERMAN and BENJAMIN GUTTERMAN had an absolute right to be present on a public sidewalk exercising his First Amendment rights as a photojournalist.

89.     Acting without probable cause or even arguable probable

18

cause, RALPH GRAINGER, MICHAEL RUTHVEN, AUSTIN CROSBY, and JOSH NEWSOM arrested, detained, and/or assisted in the arrest of JASON GUTTERMAN and BENJAMIN GUTTERMAN for unlawful trespass on a school safety zone, a crime JASON GUTTERMAN and BENJAMIN GUTTERMAN did not commit and a crime that was no longer enforceable in Florida.

90.    As a direct and proximate result of the Defendants' unreasonable and unlawful actions, Plaintiffs JASON GUTTERMAN and BENJAMIN GUTTERMAN have suffered pecuniary loss, physical injury, pain, shock, humiliation, emotional distress, loss of liberty, loss of self-esteem, disgrace, was denied and continues to be denied the full enjoyment of life and will continue to suffer such damages in the future.

91.    As Plaintiffs have been forced to retain counsel to vindicate their constitutional rights, they are entitled to the costs of litigation, and under 42 U.S.C. § 1988, reasonable attorneys' fees.

92.    The conduct of Defendants RALPH GRAINGER, MICHAEL RUTHVEN, AUSTIN CROSBY and JOSH NEWSOM was malicious, oppressive, and/or done with reckless disregard for Plaintiffs' federally protected rights.  Therefore, an award of punitive damages

19

is appropriate to the fullest extent permitted by law.

WHEREFORE, Plaintiff seeks damages as noted below.

**COUNT IV - 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION**
**FOURTH AMENDMENT – FALSE ARREST**
**(FAILURE TO INTERVENE)**
**(AGAINST DEFENDANT SUMERALL, MICHAEL RUTHVEN, and**
**AUSTIN CROSBY)**

93.    JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 8, 13, and 43-66.

94.    As described above, Defendant SUMERALL, MICHAEL RUTHVEN, and AUSTIN CROSBY failed to intervene to stop the unconstitutional false arrest of Plaintiffs.

95.    SUMMERALL voiced concern about the arrest because he knew there was no probable cause for the arrest.

96.    Despite being aware of the illegality of the arrest, SUMMERALL advised GRAINGER to follow the order from his Captain and proceed with the unlawful arrest.

97.    SUMMERALL's presence at the scene and failure to take reasonable steps, or any steps, to protect Plaintiff from an illegal arrest subjects him to liability for failing to intervene in this clear false arrest.

98.    MICHAEL RUTHVEN, and AUSTIN CROSBY were in a position to know all of the facts and circumstances leading to the false arrest and detention and they filed to intervene to prevent it.

99.    The actions of Defendant SUMERALL, CROSBY and RUTHVEN were performed under color of state law and violated JASON GUTTERMAN and BENJAMIN GUTTERMAN's rights under the Fourth Amendment to the United States Constitution.

100.    Defendant SUMERALL, CROSBY and RUTHVEN's actions were not performed in good faith and were in violation of clearly established law.

101.    As a direct and proximate result of SUMERALL, CROSBY and RUTHVEN's unreasonable and unlawful actions, JASON GUTTERMAN and BENJAMIN GUTTERMAN have suffered and continue to suffer pecuniary loss, physical injury, pain, shock, humiliation, emotional distress, loss of liberty, loss of self-esteem, disgrace, was denied and continues to be denied the full enjoyment of life and will continue to suffer such damages in the future.

102.    The conduct of Defendants SUMERALL, CROSBY and RUTHVEN was malicious, oppressive, and/or done with reckless disregard for Plaintiffs' federally protected rights.    Therefore, an

award of punitive damages is appropriate to the fullest extent permitted by law.

WHEREFORE, Plaintiff seeks damages as noted below.

**COUNT V- 42 U.S.C. §1983 CIVIL RIGHTS VIOLATIONS**
**FIRST AND FOURTH AMENDMENT**
**(AGAINST DEFENDANT CITY OF LYNN HAVEN)**

103. JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 7, 8, 12, 14, and 16-66.

104. The City of Lynn Haven Police Department is a law enforcement agency in the City of Lynn Haven, Bay County, Florida.

105. The CITY OF LYNN HAVEN has unofficial policies, customs, or practices that allowed city officers to violate JASON GUTTERMAN and BENJAMIN GUTTERMAN's civil rights as secured under the First and Fourth Amendments.

106. The CITY OF LYNN HAVEN deprived JASON GUTTERMAN and BENJAMIN GUTTERMAN of rights secured by the Constitution and the laws of the United States, the State Constitution, and state law when they adopted, either formally or informally, allowed, or failed to prevent CITY OF LYNN HAVEN police officers from violating individuals' constitutional rights to be free from an unreasonable

search or seizure.  Plaintiffs' Constitutional rights were violated due to the following policies, practices, procedures, or customs of the CITY OF LYNN HAVEN.

107. The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that does not require its officers to intervene when they observe their fellow officers or other law enforcement agencies violating citizens' constitutional rights.

108. The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that does not requires its officers to heed injunctions issued by federal judges to ensure that they do not attempt to enforce statutes that have been declared unconstitutionally vague.

109. The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that rewards officers for making numerous arrests but does not proportionately discourage officers from making reckless arrests that are in violation of citizens' constitutional rights.

110. The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that rewards officers for blindly following orders of the chain-of-command but does not proportionately discourage not following an order of the order would result in a clear

constitutional violation.

111.  The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that does not adequately train its officers on First Amendment rights and on the right of individuals to peacefully assemble in a public place.

112.  The CITY OF LYNN HAVEN has a policy, practice, procedure, or custom that does not adequately train its officers on First Amendment rights and on the right of journalists to engage in their work in public places.

113.  The CITY OF LYNN HAVEN does not have an adequate policy, practice, or procedure for reviewing cases rejected by the State Attorney or court because probable cause is absent.

114.  Through their failure to review these cases or discipline or train their officers following arrests without probable cause, the CITY OF LYNN HAVEN has a policy, practice, procedure, or custom of condoning, ratifying, or tolerating arrests lacking probable cause.

115.  The CITY OF LYNN HAVEN has become aware of unfounded, unconstitutional arrests by its officer but has taken no remedial action.

116.  In failing to correct the constitutionally offensive actions of

24

its officers, the CITY OF LYNN HAVEN tacitly authorized these actions or, at the very least, displayed deliberate indifference towards the unconstitutional misconduct of its officers.

117.  As a direct and proximate result of the CITY OF LYNN HAVEN's customs, patterns, practices, and/or procedures, as stated herein above, JASON GUTTERMAN and BENJAMIN GUTTERMAN's rights guaranteed them by the First and Fourth Amendments of the United States Constitution were violated.

118. JASON GUTTERMAN was forced to hire counsel and defend himself against the false criminal charges lodged against him, criminal charges which could have resulted in his long-term incarceration.

119.  Despite its knowledge of the constitutionally infirm actions of its officers, the CITY OF LYNN HAVEN took no action to address the risk of a false arrest to Plaintiffs.

120.  Thus, the CITY OF LYNN HAVEN is liable for the harm and losses sustained by JASON GUTTERMAN and BENJAMIN GUTTERMAN.

WHEREFORE, Plaintiff seeks damages as noted below.

## COUNT VI- 42 U.S.C. §1983 CIVIL RIGHTS VIOLATION FOURTH AMENDMENT

25

**(AGAINST DEFENDANT TOMMY FORD IN HIS OFFICIAL
CAPACITY AS THE SHERIFF OF THE
BAY COUNTY SHERIFF'S OFFICE)**

121.  JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 9, 13, 15, and 16-66.

122.  Defendant SHERIFF TOMMY FORD, at all times material hereto, was Sheriff of Bay County, a county organized and existing under the laws of the State of Florida.

123.  SHERIFF TOMMY FORD has unofficial policies, customs, or practices that allowed county deputies to violate JASON GUTTERMAN and BENJAMIN GUTTERMAN's civil rights.

124.  SHERIFF TOMMY FORD deprived JASON GUTTERMAN and BENJAMIN GUTTERMAN of rights secured by the Constitution and the laws of the United States, the State Constitution, and state law when he adopted, either formally or informally, allowed, or failed to prevent BAY COUNTY SHERIFF'S OFFICE deputies from violating individuals' constitutional rights to be free from an unreasonable search or seizure.  Plaintiffs' Constitutional rights were violated due to the following policies, practices, procedures, or customs of SHERIFF TOMMY FORD as the SHERIFF of the BAY COUNTY

26

SHERIFF'S OFFICE.

125.   SHERIFF TOMMY FORD has a policy, practice, procedure, or custom that does not require county deputies to intervene when they observe their fellow officers or other law enforcement agencies violating citizens' constitutional rights.

126.   SHERIFF TOMMY FORD has a policy, practice, procedure, or custom that does not require county deputies to heed injunctions issued by federal judges to ensure that they do not attempt to enforce statutes that have been declared unconstitutional.

127.   SHERIFF TOMMY FORD has a policy, practice, procedure, or custom that rewards county deputies for making numerous arrests but does not proportionately discourage deputies from making reckless arrests that are in violation of citizens' constitutional rights.

128.   SHERIFF TOMMY FORD has a policy, practice, procedure, or custom that rewards county deputies for blindly following orders of the chain-of-command but does not proportionately discourage not following an order of the order would result in a clear constitutional violation.

129.   SHERIFF TOMMY FORD has a policy, practice, procedure,

or custom that does not adequately train county deputies on First Amendment rights and on the right of individuals to peacefully assemble in a public place.

130.  SHERIFF TOMMY FORD has a policy, practice, procedure, or custom that does not adequately train county deputies on First Amendment rights and on the right of journalists to engage in their work in public places.

131.  SHERIFF TOMMY FORD does not have an adequate policy, practice, or procedure for reviewing sheriff's office's cases rejected by the State Attorney or court because probable cause is absent.

132.  Through his failure to review these cases or discipline or train county deputies following arrests without probable cause, SHERIFF TOMMY FORD has a policy, practice, procedure, or custom of condoning, ratifying, or tolerating arrests lacking probable cause.

133.  SHERIFF TOMMY FORD has repeatedly become aware of unfounded, unconstitutional arrests by county deputies but has taken no remedial action.

134.  In failing to correct the constitutionally offensive actions of county deputies, SHERIFF TOMMY FORD tacitly authorized these actions or, at the very least, displayed deliberate indifference towards

the unconstitutional misconduct of county deputies.

135.   As a direct and proximate result of SHERIFF TOMMY FORD's customs, patterns, practices, and/or procedures, as stated herein above, JASON GUTTERMAN and BENJAMIN GUTTERMAN's rights guaranteed them by the Fourth Amendment of the United States Constitution were violated.

136.   JASON GUTTERMAN was forced to hire counsel and defend himself against the false criminal charges lodged against him, criminal charges which could have resulted in his long-term incarceration.

137.   Despite its knowledge of the constitutionally infirm actions of county deputies, SHERIFF TOMMY FORD took no action to address the risk of a false arrest to Plaintiffs.

138.   Thus, SHERIFF TOMMY FORD is liable for the harm and losses sustained by JASON GUTTERMAN and BENJAMIN GUTTERMAN.

WHEREFORE, Plaintiff seeks damages as noted below.


**COUNT VII – INJUNCTIVE RELIEF**
**(AGAINST DEFENDANT TOMMY FORD, in his official capacity**
**and CITY OF LYNN HAVEN)**

139.   JASON GUTTERMAN and BENJAMIN GUTTERMAN re-allege and incorporate by reference all the jurisdictional paragraphs, as well as paragraphs 9 and 16-66.

140.   Plaintiffs are entitled to injunctive relief against Defendant TOMMY FORD and CITY OF LYNN HAVEN.

141.   The video of Plaintiffs' unlawful arrests was posted to social media where it was viewed almost a million times.

142.   The Bay County Sheriff's Office faced instant backlash from the community for its unlawful actions.

143.   Defendant FORD became aware that the statute utilized to arrest and detain Plaintiffs was declared unconstitutional.

144.   After Defendant FORD learned both of those facts, and in response to the community backlash stemming from the unconstitutional arrest, Defendant FORD had a press release published falsely stating that the Bay County Sherrif's Office could continue to pursue those charge against Plaintiff but had chosen not to do so.

145.   Defendant FORD also falsely stated that the statute under which his law enforcement officers had arrested Plaintiff was still constitutional.

30

146.  Defendant FORD published this statement on the Sheriff's Office Facebook page and to the local media where it was viewed by more than thousands of people.

147.  Additionally, in the same statement, Defendant FORD insinuated that the illegal arrest of Plaintiffs was done for the protection of the children at a school that was down the road and across the street from the arrest location.

148.  Defendant FORD knew the Plaintiffs had no had any interaction with the school, the children, and he also knew Plaintiffs were not filming the school.

149.  Defendant FORD knew that Plaintiffs posed no danger to the school, that they had not been filming at the school, that they had never gone to the school, and that Plaintiffs had no nefarious intent towards the school or its students.

150.  Defendant FORD knew that Plaintiffs were filming from the public sidewalk in front of a UPS facility.

151.  Despite this knowledge, Defendant FORD, in the public domain, tried to justify the illegal arrest and detention of Plaintiffs by suggesting it was somehow necessary to protect children.

152.  There was already an injunction in place issued by the

31

Federal Court for the Southern District of Florida enjoining enforcement of the Statutory sections at issue.

153.  Defendant FORD has suggested in writing that he intends to ignore that injunction.

154.  Defendant CITY does not seem to think the injunction applies to them either.

155.  The Statute is unconstitutional for the reasons laid out in *Gray v. Kohl*, 568 F. Supp. 2d 1378, 1396 (S.D. Fla. 2008) which are adopted herein.

WHEREFORE, Plaintiff seeks injunctive relief against Defendant FORD and Defendant CITY to prevent continued unlawful enforcement of the statute.

## Prayer for Relief

**WHEREFORE,** the Plaintiffs, JASON GUTTERMAN and BENJAMIN GUTTERMAN, respectfully request of the Court:

a)  Compensatory damages for all past and future economic losses and expenses incurred by JASON GUTTERMAN and BENJAMIN GUTTERMAN as a result of the Defendants' misconduct;

b)  General damages for all past and future physical pain, mental suffering, and emotional distress suffered by JASON GUTTERMAN and BENJAMIN GUTTERMAN;

c) Punitive damages to the fullest extent of the law against the individually named Defendants JOHN SUMERALL; JOSH NEWSOM; MICHAEL RUTHVEN, and AUSTIN CROSBY; DERRICK SWANN; RALPH GRAINGER; for their reprehensible actions depriving Plaintiffs of their rights;

d) Awarding nominal damages where other damages are unavailable;

e) Pre-judgment and post-judgment interest;

f) Declare that the Defendants' CITY OF LYNN HAVEN and SHERIFF FORD's acts, taken in his official capacity, as alleged above, violated the First and Fourth Amendments to the United States Constitution;

g) Declare that the Defendant law enforcement officers' acts, taken in their individual capacities, as alleged above, violated the First and Fourth Amendments to the United States Constitution;

h) Enter an injunction prohibiting Defendant CITY and SHERIFF from enforcing Florida Statute 810.0975(2)(b)

i) Award costs incurred in this action and reasonable attorneys' fees under 42 U.S.C. § 1988; and

j) Any other such further specific and general relief as may the Court deems appropriate.

33

**DEMAND FOR JURY TRIAL**

The Plaintiffs, JASON GUTTERMAN and BENJAMIN GUTTERMAN's,

demands trial by jury on all matters so triable.

Respectfully submitted this 1 day of September 2025.

*/s/ Kevin Alvarez*
Kevin R. Alvarez, B.C.S
Law Office of Kevin Alvarez P.A.
Board Certified in Criminal Trial Law
522 East Park Ave, Suite 100
Tallahassee, Florida 32301
FBN: 88527
Email: kevinalarezesq@gmail.com
850-559-0050

Paul M. Hawkes
15210 Mahan Drive
Tallahassee, FL 32309
FBN : 564802
Email : Hawkes.paul@gmail.com
850-212-3067

ATTORNEY FOR PLANTIFFS JASON GUTTERMAN
AND BENJAMIN GUTTERMAN