IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JASON GUTTERMAN and
BENJAMIN GUTTERMAN,

    Plaintiffs,

v.                                              Case No. 5:25-cv-230-AW-MJF

CITY OF LYNN HAVEN, et al.,

    Defendants.

_____/

**ORDER GRANTING MOTION TO DISMISS**

    Plaintiffs Jason and Benjamin Gutterman sued the Bay County Sheriff, the City of Lynn Haven, and several individual officers. ECF No. 1 (Compl.). The gist of the claim is that the two Plaintiffs were video recording the goings-on at a UPS facility "as part of their work as photojournalists." Compl. ¶ 16. After an interaction with police who suggested perhaps they were actually recording a nearby school, Plaintiff Jason Gutterman was arrested for violating Florida Statute § 810.0975(2)(b). That provision makes it "unlawful for any person to enter the premises or trespass within a school safety zone or to remain on such premises or within such school safety zone when that person does not have legitimate business in the school safety zone." Fla. Stat. § 810.0975(2)(b). Plaintiffs contend the arrest was unlawful both because the statute is facially unconstitutional and because, either way, there was no probable cause.

1

Plaintiffs present seven claims for relief, two of which are against the City of Lynn Haven. The City moved to dismiss both of those counts (Counts Five and Seven). ECF No. 16. This order grants that motion.

## I.

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). At this stage, the court must accept as true all well-pleaded factual allegations. The same is not true for legal conclusions. *Id.*

## II.

In Count Five, Plaintiffs allege a § 1983 claim based on First and Fourth Amendment violations. The claim is that the City "has unofficial policies, customs, or practices that allowed city officers to violate" Plaintiffs' rights. Compl. ¶ 105. As the City argues—and as Plaintiffs acknowledge—there is no vicarious liability under § 1983. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 693-94 (1978)). Thus, Plaintiffs

needed to allege that the City was the moving force behind the violation. They can do this by alleging that the constitutional violation was the result of a policy or custom. *Id*.

Plaintiffs contend they have done this, and they have indeed alleged (over and over) that a City policy or custom harmed them. But they have done so only in the most conclusory fashion. *See, e.g.*, Compl. ¶¶ 105-117. They have not alleged any facts that would make any such conclusion plausible. And courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (cleaned up).

Plaintiffs correctly point out that they do not need to *prove* a policy or custom at this stage. ECF No. 27 at 5. But they do need to allege facts making their claim plausible. If a plaintiff could evade *Monell* with a generic allegation that some municipal defendant "had a policy or custom of allowing the type of conduct that caused my harm," little would be left of the plausibility standard.

"Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible," dismissal is required. *Twombly*, 550 U.S. at 570.[1]

---

[1] Since Count V is dismissed on this basis, I have not considered the City's alternative argument that I should dismiss it based on the rule against shotgun pleadings. *See* ECF No. 16 at 17 (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

### III.

Count Seven seeks injunctive relief against the City and the Sheriff prohibiting future prosecutions under the statute. But because Plaintiffs have not alleged facts showing any likelihood that either Defendant will enforce that statute against either of them, they have not alleged enough to show standing.

Because of Article III limitations on jurisdiction, plaintiffs must establish standing to sue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs must establish standing at every stage of a case in the same way they must establish other aspects of their case. *Id.* at 561. That means that at the pleading stage, they must allege facts that, if true, would support standing. Critically, "standing is not dispensed in gross," meaning "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (cleaned up).

"Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) (quoting *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994)). That is where Plaintiffs' claim fails. Plaintiffs say Defendants have not disavowed the statute or acknowledged a district court decision Plaintiffs contend

precludes its enforcement. But they have not alleged facts suggesting they face a future arrest under the law. *Cf. City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers. Count V of the complaint alleged the traffic stop and choking incident five months before. That Lyons may have been illegally choked by the police on October 6, 1976, while presumably affording Lyons standing to claim damages against the individual officers and perhaps against the City, does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part.").

Although the Sheriff has not moved to dismiss this count, *see* ECF No. 10, it is dismissed as to both Defendants. Regardless of whether a Defendant raises the issue, the court has an obligation to *sua sponte* consider its jurisdiction. *See Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000). Because Plaintiffs allege insufficient facts to show a future injury, this court lacks jurisdiction to consider their claim for injunctive relief.

\* \* \*

The motion to dismiss (ECF No. 16) is GRANTED. Count Five is dismissed for failure to state a claim. Count Seven is dismissed for lack of jurisdiction.

SO ORDERED on November 21, 2025.

                                           s/ *Allen Winsor*
                                           Chief United States District Judge