IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JASON GUTTERMAN and
BENJAMIN GUTTERMAN,**

    Plaintiffs,

v.                                      Case No. 5:25-cv-230-AW-MJF

**CITY OF LYNN HAVEN, et al.,**

    Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

    The court previously dismissed Plaintiffs' claims against the City of Lynn Haven. *See* ECF No. 29. This order addresses Defendant John Sumerall's motion to dismiss the three claims against him. ECF No. 30. Those claims are a § 1983 claim labeled "First Amendment" (Count I); a § 1983 claim labeled "First Amendment Retaliation" (Count II); and a § 1983 claim labeled "Fourth Amendment – False Arrest (Failure to Intervene)" (Count IV). *See* ECF No. 1.

    For starters, the First Amendment counts lack sufficient specificity. For example, they are against several Defendants but do not explain who did what. It is difficult to decipher which allegedly unconstitutional action any Defendant allegedly took against each Plaintiff. But putting all that aside, the claims fail as to Sumerall because the complaint alleges no retaliatory motive on his part.

1

"[A] plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.' . . . [I]t must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. 391, 398-99 (2019). Yet the complaint not only fails to allege that Sumerall acted because he wanted to punish Plaintiffs for protected speech but also fails to causally connect any action Sumerall took to Plaintiffs' alleged injury. Counts I and II will be dismissed as to Sumerall.

As for the false-arrest failure-to-intervene claim (Count IV), the complaint contains insufficient facts about Sumerall's participation in the arrests. The complaint alleges Benjamin Gutterman "was also arrested" but "was released to his mother on scene." ECF No. 1 ¶¶ 45, 61. It says nothing about Sumerall's involvement in either that arrest or the release—or even whether he was there yet. As to Jason Gutterman, the complaint alleges he was already in Defendant Newsom's patrol car when Sumerall arrived. *Id.* ¶¶ 47-49. It further alleges Sumerall had a brief conversation with the Bay County Officer taking the lead and another deputy. *Id.* ¶ 53. Ultimately, Bay County officers "resumed lead on the arrest." *Id.* ¶¶ 51-52. In other words, the complaint does not even allege Sumerall was present for the initial detention—or that he participated in the arrest once he arrived.

"[W]here an officer was present during an arrest and knew that the arresting officer had no reasonable basis for arguable probable cause, the non-arresting officer could be liable under § 1983 *if he was sufficiently involved in the arrest*." *Wilkerson v. Seymour*, 736 F.3d 974, 979 (11th Cir. 2013) (emphasis added) (citing *Jones v. Cannon*, 174 F.3d 1271, 1284-86 (11th Cir. 1999)); *accord id.* at 980 ("What is made explicit in *Jones* is that a participant in an arrest, even if not the arresting officer, may be liable if he knew the arrest lacked any constitutional basis and yet participated in some way."); *Buress v. City of Miami*, 2022 WL 2161438, at *3 (11th Cir. June 15, 2022) (no qualified immunity for failure to intervene when complaint "sufficiently alleged that [officer] knew there was no constitutional basis for the arrest *and participated in it anyway*") (emphasis added). Sumerall's mere presence is insufficient to state a claim for false arrest failure to intervene.

Moreover, even if Sumerall were involved in the arrests, the complaint still lacks nonconclusory allegations plausibly showing he knew either arrest was unlawful. Some allegations are entirely conclusory. *See, e.g.*, ECF No. 1 ¶ 95 ("Summerall (sic) . . . "knew there was no probable cause for the arrest."); ¶ 96 ("Despite being aware of the illegality of the arrest . . . ."). Others are more detailed but still insufficient to show knowledge. Having "concerns" about the arrest or explaining that he personally would not arrest in that scenario, *see e.g., id*. ¶¶ 53, 55,

is not tantamount to accepting that the arrest was unlawful. This is another reason why dismissal is appropriate.

In sum, Plaintiffs have not alleged sufficient facts to support their claims against Defendant Sumerall. The motion to dismiss (ECF No. 30) is GRANTED, and Counts I, II, and IV are dismissed as to Defendant Sumerall.

SO ORDERED on December 23, 2025.

s/ *Allen Winsor*  
Chief United States District Judge