IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JASON GUTTERMAN and
BENJAMIN GUTTERMAN,

    Plaintiffs,

v.                                    Case No. 5:25-cv-230-AW-MJF

CITY OF LYNN HAVEN, et al.,

    Defendants.

_____/

### ORDER GRANTING MOTION TO DISMISS

The court previously dismissed Plaintiffs' claims against the City of Lynn Haven and against John Sumerall. *See* ECF Nos. 29, 35. This order addresses Defendant Josh Newsom's motion to dismiss. ECF No. 36. Newsom seeks dismissal of all three claims against him: a § 1983 claim labeled "First Amendment" (Count I); a § 1983 claim labeled "First Amendment Retaliation" (Count II); and a § 1983 claim labeled "Fourth Amendment – False Arrest" (Count III).

For both the false-arrest and First Amendment retaliation claims, Plaintiffs have the burden of demonstrating the absence of probable cause.[1] *See Nieves v. Bartlett*, 587 U.S. 391, 404 (2019) (threshold showing of no probable cause required

---

[1] Any distinctions between the constitutional violations alleged in Count I and Count II are indiscernible. Therefore, Count I will be dismissed for the same reasons as Count II.

1

for retaliatory arrest claim)[2]; *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022) (lack of probable cause required for Fourth Amendment false-arrest claim). At this stage, Plaintiffs needed to plead sufficient nonconclusory facts to support an inference that probable cause was lacking. Further, because Newsom raised qualified immunity, *see* ECF No. 36 at 5-7, I must assess whether the complaint contains sufficient allegations that Newsom lacked arguable probable cause. *See Gates v. Khokhar*, 884 F.3d 1290, 1296-98 (11th Cir. 2018).

"Whether an officer possesses probable cause or arguable probable cause depends on the elements of the alleged crime and the operative fact pattern." *Brown v. City of Huntsville*, 608 F.3d 724, 735 (11th Cir. 2010). The parties agree that Florida Statutes § 810.0975 is the only law relevant to the probable-cause assessment officers made at the scene. *See, e.g.*, ECF No. 36 at 9-11; ECF No. 37 at 7-9. The statute defines a "school safety zone" as the area "in, on, or within 500 feet of any real property owned by or leased to any public or private elementary, middle, or high school." Fla. Stat. § 810.0975(1). It further provides that from one hour before school starts until one hour after it ends, "it is unlawful for any person to enter

---

[2] Under certain narrow circumstances, plaintiffs need not demonstrate a lack of probable cause for a retaliatory arrest claim. *Nieves*, 587 U.S. at 407. But as explained below, Plaintiffs have not shown that exception applies here.

2

the premises or trespass" in the area "when that person does not have legitimate business" there or permission to be there. *Id*. ¶ 810.0975(2)(b)1.

Plaintiffs first argue that because a district court found subsections 2(a) and 2(b) unconstitutionally vague and entered an order precluding "[t]he State of Florida and its officers" from enforcing them, no reasonable officer could have found probable cause for any violation. *See* ECF No. 37 at 8 (citing *Gray v. Kohl*, 568 F. Supp. 2d 1378 (S.D. Fla. 2008)). But that argument cannot overcome Officer Newsom's qualified-immunity defense.

For one thing, "only binding precedent can clearly establish a right for qualified immunity purposes." *Gilmore v. Hodges*, 738 F.3d 266, 279 (11th Cir. 2013).³ Federal district court decisions are not binding on nonparties. Plaintiffs nonetheless argue "[t]here is a difference between a non-binding precedent and an actual injunction" and that the injunction in *Gray* "prohibited the enforcement of the statute." ECF No. 37 at 8. But Plaintiffs have not shown that the *Gray* injunction applied to Newsom. Neither Newsom nor the City of Lynn Haven were named parties in the *Gray* case. *Cf. Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1255

---

³ Plaintiffs repeatedly state there is a clearly established First Amendment right to record in public. ECF No. 37 at 1-2, 3, 10. But that general statement does not show that Newsom's alleged conduct violated any clearly established right. By Plaintiffs' own telling, the arrest was for a violation of state law (not for recording), and this order explains why that arrest was supported by at least arguable probable cause.

3

(11th Cir. 2020) ("The district court exceeded its authority by purporting to enjoin the Supervisors, none of whom have ever been parties to this lawsuit."); *United States of Am. v. Robinson*, 83 F.4th 868, 879 (11th Cir. 2023) ("As a general matter, a court may not enjoin a non-party that has not appeared before it to have its rights legally adjudicated."). In addition, the Legislature amended § 810.0975 in 2013, and it was unclear whether the injunction was still in effect post-amendment. Setting aside whether § 810.0975 is constitutionally infirm, a reasonable officer was permitted to base a probable-cause assessment on its violation at the time of Plaintiffs' arrest. *See, e.g.*, *Michigan v. DeFillippo*, 443 U.S. 31, 37-38 (1979) ("At that time, . . . there was no controlling precedent that this ordinance was or was not constitutional, and hence the conduct observed violated a presumptively valid ordinance. A prudent officer, in the course of determining whether respondent had committed an offense under all the circumstances shown by this record, should not have been required to anticipate that a court would later hold the ordinance unconstitutional."); *see also Cooper v. Dillon*, 403 F.3d 1208, 1220 (11th Cir. 2005); *Hershey v. City of Clearwater*, 834 F.2d 937, 940 n.5 (11th Cir. 1987).

Plaintiffs next argue that Officer Newsom did not himself have probable cause to believe Plaintiffs had violated § 810.0975(2)(b)1 and that he could not rely on the other two officers' assessment. But the factual allegations here are insufficient to demonstrate that no reasonable officer in Newsom's situation could have concluded

Plaintiffs likely were in the school safety zone without "legitimate business" and without "any other authorization, license, or invitation." The complaint alleges Plaintiffs "were never filming at or around A. Crawford Mosley High School, in Lynn Haven, which was further down the street from the UPS store location in Panama City where Plaintiffs were filming." ECF No. 1 ¶ 25. But it does not allege Plaintiffs were more than 500 feet away from the school (i.e., outside the "school safety zone"), let alone allege facts that would have made it unreasonable for Newsom to conclude that they were within 500 feet of the school. Even assuming the two officers who arrived before Newsom were aware of facts that objectively defeat probable cause, the complaint does not allege that this information was conveyed to Newsom or that Newsom had objective reasons to disbelieve the facts that were conveyed to him when he arrived.

For the First Amendment retaliation claim, there is a narrow exception to a plaintiff's need to demonstrate the absence of probable cause. *Nieves*, 587 U.S. at 406-07 (describing a "narrow qualification" where "the no-probable-cause requirement should not apply when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been"). However, the complaint has not alleged enough to demonstrate that the circumstances here fell within this narrow exception. The complaint alleges that "numerous other individuals were near the school at the

5

time in question" and were not arrested. ECF No. 1 ¶ 80. But even if others around at the time were not arrested (a rather narrow allegation) that is not sufficient to put this claim within the narrow exception outlined in *Nieves*. *Cf. Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (noting that a survey establishing "no one has ever been arrested for engaging in a certain kind of conduct" sufficed as a type of objective evidence that officers typically exercise their discretion not to enforce a particular law, and holding that an identical comparator was not required); *Gaston v. City of Leesburg*, 2025 WL 252437, at *2 (11th Cir. Jan. 21, 2025) (affirming dismissal of First Amendment retaliation claim where plaintiff "failed to plead objective examples that showed that he was arrested when otherwise similarly situated individuals would not have been"); *Murphy v. Schmitt*, 143 F.4th 914, 918 (8th Cir. 2025) (factual allegations that taken together fairly alleged that "officers rarely, if ever, arrest people for walking on the wrong side of the road but did so here based on [plaintiff's] speech" were sufficient for claim to fall with *Nieves*'s exception).

The complaint has not alleged facts showing Newsom lacked at least arguable probable cause. The motion to dismiss (ECF No. 36) is GRANTED. Counts I, II, and III are dismissed as to Defendant Newsom based on qualified immunity.

SO ORDERED on February 3, 2026.

s/ *Allen Winsor*  
Chief United States District Judge